810 F.2d 204
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman Quincy WRIGHT, Plaintiff-Appellant,
v.
Janet McCASLIN, Defendant-Appellee.
 No. 85-5334.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1986.
 
 Before MERRITT, GUY and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Norman Quincy Wright, filed this action pursuant to 42 U.S.C. § 1983, alleging that defendant, Janet McCaslin, a counselor for the Tennessee Department of Human Services, illegally deprived him of physical custody of his child, without due process of law. He sought injunctive relief to regain custody, and compensatory and punitive damages. The District Court denied his motion to amend his complaint, and granted defendant's motion to dismiss, based upon the doctrine of abstention.
 
 
 2
 Plaintiff alleged that he had legal custody of his minor daughter, who went to live with her stepmother against his wishes, and that, when he attempted to retrieve his daughter from her school, he was confronted by defendant, who refused to allow him to see his daughter and threatened to have him forcibly removed by police.
 
 
 3
 According to memoranda filed in the District Court, the Tennessee Department of Human Resources filed a petition for protective custody of plaintiff's daughter. Plaintiff claimed that he was not informed of the hearing before the Juvenile Court, which declared his daughter dependent and neglected, placed temporary custody of the child with the state, and prohibited plaintiff from visiting with his daughter without the Department's approval. Plaintiff claims he was unaware of the order and that the Department failed to respond to his inquiries about his daughter. He subsequently filed this action.
 
 
 4
 The district judge's rationale for dismissing plaintiff's claim was that "[t]he matters complained of in this lawsuit are those kinds of matters best handled by an appropriate court of the State of Tennessee and for which such a court is especially equipped to handle. Moore v. Sims, 442 U.S. 415, 430, 99 S.Ct. 2371 (1979)."
 
 
 5
 The District Court's reliance upon Moore v. Sims, supra, was misplaced, under the circumstances of this case. Moore involved a challenge to Texas child abuse statutes, and the Supreme Court held that abstention was appropriate there because the action in the District Court had been filed while proceedings were pending in a Texas state court. In the present case, plaintiff was not challenging the validity of a state statute, nor were there any state court proceedings pending at the time plaintiff filed his District Court action.
 
 
 6
 In Hooks v. Hooks, 771 F.2d 935 (6th Cir.1985), this court held that parents have a liberty interest in the custody of their children and cannot be deprived of custody by the state without due process of law. We pointed out that an action for damages brought under 42 U.S.C. § 1983 does not require resolution of any state domestic relations issues, noting that:
 
 
 7
 "... While plaintiff's claim arises out of a custody dispute, adjudication of the alleged civil rights violation to the extent it seeks damages does not require the court to exercise jurisdiction over or resolve any of those state law matters within the scope of the domestic relations exception." [771 F.2d, at 942.]
 
 
 8
 Accordingly, the abstention doctrine was improperly relied upon by the District Court as a basis for declining to address plaintiff's claims for damages under 42 U.S.C. § 1983.
 
 
 9
 Defendant argues that Hooks v. Hooks, supra, is distinguishable from the present circumstances because there the children were removed from the state and, therefore, there was available no post-deprivation remedy under state law; whereas, in the instant case, since the child stayed in Tennessee, plaintiff could have relied upon state courts. The problem with this argument is that the state remedies alluded to by defendant apply only to the custody of children, and custody is now moot since plaintiff's daughter has reached the age of majority. Defendant made no showing that an adequate state law remedy was available to plaintiff for monetary damages for the deprivation of his right to custody of his daughter. Also, plaintiff alleges that he was never informed of the Juvenile Court hearing, or of the court's subsequent ruling which declared his daughter to be a ward of the state. Assuming, as we must for purposes of this appeal from a Fed.R.Civ.P. 12(b)(6) dismissal, that plaintiff's allegations are true, then it appears that he was denied any adequate state law remedy, even as to the issue of custody.
 
 
 10
 We do not purport to rule on the merits of plaintiff's claim with respect to the adequacy of the state's post-deprivation procedural remedy; that issue should be determined by the trial court. Nor do we address any issues regarding immunity. We simply hold that the District Court erred in relying upon the abstention doctrine as the basis for dismissing plaintiff's complaint. Accordingly, we reverse the order of the District Court, dismissing plaintiff's complaint, and remand for further proceedings consistent with this opinion. We also vacate the District Court's denial of plaintiff's motion to amend his complaint and instruct the District Court to reconsider that motion in light of this opinion.